## No. 2287.

### Simon Davis v. The State.

1. THEFT—VARIANCE.—In a trial for the theft of a "horse," the State was permitted, over objection by the defense, to prove that the animal was a mare. The objection was on the ground of variance between the allegation and the proof. *Held* no variance, and the objection was properly overruled.

2. EVIDENCE.—That the State, over objection, was allowed, in the cross examination of the defendant's wife, to elicit testimony not germane to her evidence in chief, is not reversible error unless the objectionable testimony was calculated to prejudice defendant's rights.

3. SAME—CHARGE OF THE COURT—PRACTICE.—In a trial for horse theft the State introduced evidence tending to prove that, besides the animal in question, other horses were stolen at the same time and in the same neighborhood; but the trial court omitted to instruct the jury for what purposes the evidence was allowed, and this omission was relied upon in the motion for a new trial. The State's case stood upon circumstantial evidence alone. *Held* that the omission in the charge, though not excepted to nor a proper instruction requested, was calculated to prejudice the rights of the defendant, and is therefore reversible error.

APPEAL from the District Court of Navarro. Tried below before the Hon. S. R. Frost.

By indictment filed in December, 1886, the appellant, jointly with J. C. Davis and G. W. Jones, was charged with the theft of a horse, the property of Fount Brown, on December 7, 1886. On his separate trial he was convicted, and a term of nine years in the penitentiary was awarded him.

As usual in cases of circumstantial evidence, the statement of facts is prolix and complicated; but, for all practical purposes, the opinion of the court sufficiently indicates the facts germane to the rulings.

*Beale & Autry*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant, Simon Davis, was indicted jointly with J. C. Davis and G. W. Jones for the theft of a horse, the

property of Fount Brown. Upon the trial the parties severed, and appellant was tried alone. There was a verdict of guilty and a judgment thereon, from which appeal is taken.

The state was permitted to prove, over objection, that the animal stolen was a mare. It is urged that the allegation and proof of the descriptive character of the property are variant. To this we do not agree.

The district attorney, on cross examination of Tennessee Davis, appellant's wife, proved, over his objection, that appellant's mule and mare came up to his house a little after dark. His counsel urges that as the witness was the wife of the defendant on trial, the cross examination must be germane to the matter brought out in the examination in chief, and that there was nothing in it to authorize proof of the facts named. Abstractly considered, these positions may be correct; but reversal does not of consequence follow, unless the fact proved was in some way calculated to prejudice his rights. Looking, therefore, to all the facts in evidence, we can not perceive how such injury could result.

There was evidence introduced by the State, showing, or tending to show, that other horses were stolen at the same time and from the same neighborhood from which the mare was stolen. The charge of the court, however, fails to instruct the jury for what purposes such testimony could be used; and this omission was brought to notice on the motion for a new trial. Under the facts of this case, we are of opinion that this was reversible error. For conviction the State relied upon circumstantial evidence alone; and, while the omission was neither excepted to at the time nor was the proper charge requested, we must yet look to the whole record in passing upon injury *vel. non.*

Thus looking, it is evident that such testimony was calculated to sensibly prejudice the case; for it would require but slight evidence, when aided by this testimony, to satisfy the jury that appellant was guilty of the theft of the mare. For this error in the charge of the court, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*